## Wytheville.

### MITCHELL AND OTHERS v. WITT, JUDGE.

#### JULY 5, 1900.

#### Absent, Riely, J.*

1. CONSTRUCTION OF STATUES—*In Pari Materia.*—Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia,* and should be construed together, and effect should be given to them all, although they contain no reference to one another, and were passed at different times.

2. MANDAMUS—*When Refused.*—The writ of *mandamus* will not be awarded where to do so would be fruitless and unavailing. If the respondent cannot perform the act required, or the court is unable to compel its performance, the writ will be denied.

3. ELECTIONS—*City Council—Contest—Hustings Court—Sections 160 and 1030 of Code—Officers.*—The Council of the city of Richmond, under the authority of section 1030 of the Code, is the judge of the election, qualification and return of its members, and also has the power to order elections to fill all vacancies in that body. The Hustings Court of said city has no jurisdiction to decide a contest over an election of a member of that body, even though the contestant alleges that he cannot obtain justice before it. Members of the City Council are, in a certain sense, officers, but the city officers referred to in section 160 of the Code are such as correspond to the officers of the respective counties and districts of the State, such as sheriffs, treasurers, clerks and attorneys for the Commonwealth.

Original application for a writ of mandamus.

*Refused.*

The opinion states the case.

*Judge Riely was prevented by sickness from attending this term.

*Wm. L. Royall*, for the petitioner.

*L. O. Wendenburg, Geo. D. Wise*, and *H. M. Smith*, for the respondent.

Cardwell, J., delivered the opinion of the court.

Thomas W. Mitchell and others filed their petition in the Hustings Court for the city of Richmond, alleging that they were qualified voters of Jackson Ward, in the city of Richmond; that on the 24th day of May, 1900, there was an election held in the city for general city officers, and for members of the Board of Aldermen and Common Council; that the election for Aldermen and Common Council from Jackson Ward was an undue and fraudulent election, and resulted in certain parties being certified as elected to the Board of Aldermen and Common Council from that ward, who were not duly elected. After reciting that a large number of votes which had been cast for certain candidates were fraudulently and falsely counted for the parties to whom the certificates of election were given, the petitioners prayed that the court make enquiry into the matter, and award certificates to the parties to whom they rightly belonged.

The candidates to whom the certificates were awarded by the Commissioners of Election appeared in court in answer to the petition, and, each for himself, filed a plea to the jurisdiction of the court to hear and pass upon the complaint of the petitioners; and, the case coming on to be heard upon the plea, the Judge of the Hustings Court sustained the plea, and dismissed the complaint.

The case is before us upon the application of the said petitioners for a writ of *mandamus*, directed to the judge of the court below, commanding him to set aside his said order and judgment dismissing petitioners' complaint, and to proceed to hear and determine the contest on its merits.

It is contended for petitioners that they have the right under

section 160 of the Code to make their complaint to the judge of the court below, and to have it adjudicated by him upon its merits, and their learned counsel argues here that if the members of the Common Council of the city of Richmond are officers, it is conclusive that it was the duty of the judge below to hear and decide their complaint upon its merits.

The enquiry does not stop there, for it may be conceded that members of the Common Council are in a certain sense officers, and still the question is: Are they such officers as are referred to, and embraced within, the provisions of section 160 of the Code? This question is to be determined by a construction of that section read in connection with and in the light of all other statutes in force which are *in pari materia*—viz., sections 106 and 1030 of the Code.

Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia,* and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed at different times. Especially should effect be given, if possible, to statutes *in pari materia* enacted at the same session of the Legislature. 25 Amer. & Eng. Enc. L. 311, and the numerous authorities there cited.

There is no exception to the universality of this rule. Same authority, note page 313.

Sections 106, 160, and 1030 were adopted into the Code of 1887, and are to be construed by the rule stated.

Section 160 provides that the returns of election of county, corporation, and district officers shall be subject to the enquiry, determination, and judgment of the court of the county or corporation wherein the election was held, upon the complaint of fifteen or more qualified voters of such county, corporation, or district of an undue election, or false return. It then provides as to how the pleadings are to be made up, how proof may be taken, how and when the case may be heard, and that, in judging

of such election or return, the court shall proceed on the merits thereof, and decide the same according to the Constitution and laws. The section then concludes as follows: "When the contest is decided, a certificate of election shall be granted to the successful party, unless he shall have already received one. If, however, the court shall be of the opinion that there has been no valid election of any person, the proceedings shall be in conformity with section 106."

Section 106 provides that when a vacancy occurs in any county, corporation, or district office, the same shall be filled by the court of the county or corporation in which it occurs, or the judge thereof in vacation. When in the office of clerk of the Circuit Court, * * * by such Circuit Court, or judge thereof in vacation. When in the office of the Chancery Court of the city of Richmond, by the said court, &c. When in the office of sheriff of said city, by the Circuit Court thereof. When in the office of a corporation or hustings court clerk, or attorney for the Commonwealth, by the corporation or hustings court of such city, &c. The term of office of any officer appointed under this section shall commence as soon as he shall qualify, and continue for the unexpired term of such office; provided, further, when a vacancy occurs in a corporation office, and the charter of such corporation prescribes the mode of filling such vacancy, the vacancy shall be filled in the mode so prescribed.

It is needless to cite authority for holding that no court can be said to have jurisdiction to hear and determine a matter in controversy when the power to execute its judgment is wanting.

Spelling, in his work on Extraordinary Relief, Volume II., section 1377, says: "It is well settled as a fundamental principle of the law of *mandamus* that courts will not grant this extraordinary remedy, where to do so would be fruitless and unavailing. If it appear that the writ would be ineffectual to accomplish the object in view, either from the want of power on the part of the respondent to perform the act required, or on

the part of the court granting the writ to compel its perform-
ance, the court will refuse to interfere." High's Extra. L. Rem.,
section 252.

From any point of view that may be taken of section 160 of
the Code, when read in connection with section 106, the re-
spondent in this cause is without jurisdiction to hear and deter-
mine the matters complained of by the petitioners, for to do so
would be fruitless and unavailing. It is true that section 160
provides that when the contest is decided, a certificate of election
shall be granted to the successful party, &c., but, were such cer-
tificate awarded in this case, it would be wholly ineffectual, as
the holder of it, upon presenting it to the Board of Aldermen or
Common Council of the city, as the case might be, would be met
with the response that the Council was, by express authority
under section 1030, the judge of the election, qualification, and
returns of its members, and if the judgment should be that there
had been no valid election in Jackson Ward of any person to the
Common Council, it would likewise be fruitless and unavailing,
as section 106 of the Code makes no provision for filling the
vacancy.

It will not be claimed that authority anywhere exists for
respondent to fill by appointment a vacancy in the Common
Council of the city adjudged by him to exist. On the contrary,
the statute, as we shall presently see, confers this power ex-
pressly upon the Common Council. It is obvious, therefore, that
it was not the legislative intent to include within the provisions
of section 160 members of the Common Council of a city, but
only such officers of the city as corresponded to the officers of the
respective counties and districts of the State—viz., sheriff, treas-
urer, clerks, attorney for the Commonwealth, &c. When the
legislature came to legislate generally upon the government of
cities and towns, it provided by section 1030 that the "council
shall judge of the election, qualification, and returns of its mem-
bers; may fine them for disorderly behavior, and with the con-

Opinion.

currence of two-thirds of its members, expel a member; and if any member returned be disqualified or expelled, a new election to fill the vacancy shall be held at the same place on such day as the council may prescribe."

These sections do not conflict, nor are they inconsistent with each other. One, section 160, gives the court jurisdiction upon a proper petition of all contests over corporation officers; and the other, section 1030, empowers and authorizes the council itself to adjudicate all questions as to election of its members.

Whether the allegation of petitioners that the candidates for the Common Council in Jackson Ward, at the election of May 24th last, cannot obtain their rights by a contest before the Council be true or not, section 1030 specifically prescribes this as their remedy, and, if it be ineffectual, it is not the fault of the statute, and this court is without authority to issue its writ of *mandamus* to compel the honorable Judge of the Hustings Court, the respondent here, to take jurisdiction and decide upon the complaint, as he rightly held that he was without power to do so. *King William Justices* v. *Munday,* 2 Leigh 165; *Page* v. *Clopton, Judge,* 30 Gratt. 415.

The *mandamus* prayed for must, therefore, be denied.

<div align="right">

*Mandamus refused.*