# Richmond.

## Commonwealth and Others v. School Board of the City of Norfolk and Others.

March 11, 1909.

Absent, Keith, P.

1. State Board of Education—*Selection of School Furniture—Constitutional Law.*—Sub-section six of section 1433 of the Code, as amended by an act approved March 15, 1906, confers the power upon, and makes it the duty of, the State Board of Education to select the school furniture for use in all the public schools of the State, and is a valid enactment. There is nothing in section 136 or any other section of the Constitution of this State which, expressly or by necessary implication, prohibits the General Assembly from conferring such power on the State Board of Education.

2. Constitutional Law—*Validity of Statutes—Doubtful Acts.*—Courts can only declare an act of the General Assembly unconstitutional when such act clearly and plainly violates the Constitution in such a manner as to leave no doubt or hesitation in the minds of the court.

3. Statutes—*Constructions—State Board of Education "To Select" School Furniture—City Boards "To Provide."*—All statutes *in pari materia* should be read and construed together as if they formed parts of the same statute, and were enacted at the same time; and where there is a discrepancy or disagreement between them, their different provisions, as far as possible, should be reconciled and such interpretation given as that all may stand together. Applying this rule of interpretation to sub-section six of section 1433 of the Code, as amended by an act approved March 15, 1906, directing the State Board of Education "to select" school furniture for all the public schools of the State, and sub-section ten of section 1538 of the Code, as amended by an act approved March 17, 1906, directing city school boards "to provide" suitable school furniture for their schools, the two acts are not necessarily in conflict, but may stand together. The

terms "to select' and "to provide" are not synonymous, and it is not to be presumed that the General Assembly intended, by the latter act, to take away from the State Board of Education the power conferred upon it by the act approved only two days previously. The power conferred on the State Board is clear and explicit, and should not be taken away by any language or provision in the statutes less clear and explicit than that by which it was conferred. Looking to all the provisions of the Constitution and statutes on the subject, it appears that the power to select furniture for all the public schools of the State, including those in cities, was clearly vested in the State Board of Education, by a valid act of assembly, and has not been taken away from it by any subsequent act.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for the defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Attorney General Wm. A. Anderson* and *W. W. Old & Son,* for the appellants.

*J. F. Duncan, D. Tucker Brooke* and *Tazewell Taylor,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to enjoin and restrain the school board of the city of Norfolk from carrying out a contract with the A. H. Andrews Company, which it had attempted to make for the delivery by that company of certain school furniture for use in the public schools of the city of Norfolk.

Prior to the act of assembly approved March 15, 1906 (Ch. 248, Acts 1906, p. 432), the school boards in the counties and cities of the Commonwealth were clothed with power to select school furniture for the use of the public schools in their respective jurisdictions. Code, sec. 1466, sub-sections 9 and 11; sec. 1538, sub-sections 10 and 11.

By the act approved March 15, 1906, section 1433 of the Code, which defines the powers and duties of the State board of education, was amended. The sixth sub-section of that section, as amended, provides, that the State board of education shall have the power, and it shall be its duty, "to select text-books, school furniture, and educational appliances for use in the public schools of the State of Virginia, exercising such discretion as it may see fit in the selection of books suitable for the schools in the cities and counties, respectively, subject to the conditions and restrictions hereinafter set forth; but no text-books which may hereafter be adopted for use in any public free school in the State of Virginia shall be changed or substituted until the same shall have been used for a period of not less than four years."

That this sub-section, as amended, conferred the power upon and made it the duty of the State board of education to select school furniture for use in all the public schools of the State, is clear, unless it be, as contended by the counsel for the school board of the city of Norfolk, that the General Assembly is prohibited from conferring that power upon the State Board of Education.

Section 136 of the Constitution is relied on to sustain that contention. That section provides that "each county, city, town, if the same be a separate school district, and school district, is authorized to raise additional sums by a tax on property, not to exceed in the aggregate five mills on the dollar in any one year, to be apportioned and expended by the local school authorities of said counties, cities, towns and districts in establishing and maintaining such schools as in their judgment the public welfare may require   *   *   *." But there is nothing in that section or in any other provision of the constitution which, expressly or by necessary implication, prohibits the General Assembly from conferring upon the State board of education the power to select the school furniture in all the public schools.

Courts can only declare any act of the General Assembly unconstitutional when such act clearly and plainly violates the Constitution in such a manner as to leave no doubt or hesitation in the mind of the court. *Commonwealth* v. *Moore, &c.,* 25 Gratt. 951, 953; *Button* v. *State Corp. Com.,* 105 Va. 634, 54 S. E. 769, and authorities cited.

Having reached the conclusion that the General Assembly had the right to confer upon the State board of education the power to select the school furniture for the public schools of the State, and that by the enactment of sub-section six of section 1433 of the Code, as amended by the act approved March 15, 1906, it had clearly done so, the school board of the city of Norfolk had no power to make the contract involved in this case unless the power to do so was conferred upon it by section 1538 of the Code, as amended and re-enacted by an act approved March 17, 1906 (Ch. 293, Acts 1906, pp. 513, 515).

By sub-section 10 of that section it is provided that the school board of a city shall have the power, and it shall be its duty, among other things, "to provide suitable school-houses, with proper furniture and appliances, and to care for, manage and control the school property of the city." This authority to "provide * * * proper furniture" for the public schools of the city, it is contended conferred upon the city school board the power "to select" the school furniture, and as section 1538 was amended by an act approved two days after the act conferring the power of selecting school furniture upon the State board of education, it repealed that act so far as it applied to the public schools of the cities.

One of the well settled rules of construing statutes is that all statutes *in pari materia* should be read and construed together, as if they formed parts of the same statute, and were enacted at the same time; and where there is a discrepancy or disagreement among them, their different provisions, as far as possible, should be reconciled, and such interpretation given as that all may stand together. See *Dillard* v. *Thornton,* 29

Gratt. 392, 396; *Postal Tel. &c. Co.* v. *N. & W. Ry. Co.,* 88 Va. 920, 925-6, 14 S. E. 803; *South & Western Ry. Co.* v. *Com'th,* 104 Va. 314, 321, 51 S. E. 824; *Chalmers* v. *Funk,* 76 Va. 717, 722; *Mitchell* v. *Witt,* 98 Va. 459, 461, 36 S. E. 528; Sedgwick on Constr. of Stat., 200-1; Black on Interp. of L., 60, 204.

This rule of construction applies with peculiar force in this case, because section 1522, which is found in the same chapter (67) of the Code as section 1538, provides, "that chapter sixty-six of the Code" (in which is found sec. 1433), "except as provided in this chapter, shall be applicable to such cities and towns in like manner as to the counties of the Commonwealth; and city and town school boards, officers, trustees, and teachers, as well as city and town treasurers, are charged with reference to the public free schools of such cities and towns with the duties, vested with the powers of, and subject to the limitations and penalties imposed upon, similar officers, boards, trustees, and treasurers in the counties by chapter sixty-six, unless otherwise provided."

The authority given the city school boards by sub-section 10 of sec. 1538, as amended, "to provide" school furniture, does not necessarily carry with it the right "to select" the school furniture which they were authorized to provide. If there had been no provision of law imposing the duty and conferring the power "to select" such furniture upon the State board of education, no doubt the city school boards would be construed to have the right of selection. But since that power had been expressly conferred upon the State board of education by an act approved on the 15th of March, it is not to be presumed that the General Assembly intended to take away that power by an act approved two days afterwards, defining the powers and duties of the school boards of the cities, unless the language relied on to show such change can receive no other reasonable construction.

The terms "to select" and "to provide" are not synonymous.

If it be held that the State board of education had the power "to select" the furniture to be used in the public schools, and that the city school board had the right "to furnish" or "supply" such furniture as had been "chosen" or "picked out" by the State board of education for use in the schools, a meaning will be placed upon the terms "to select" and "to provide" which is given them by the lexicographers and common usage. Not only is the court justified in so construing those terms under the rules of construction invoked, in order to harmonize the provisions of the sub-sections in which they are respectively found, and to give effect to both, but unless the term "to provide" be so construed, so far as it authorizes city school boards to provide proper educational "appliances" and "necessary text-books for indigent children" (sub-section 12 of sec. 1538), those provisions would be in violation of sub-section four of section 132 of the Constitution, which declares that the State board of education "shall select text-books and educational appliances for use in the public schools of the State."

It is true that sub-section nine of sec. 1466 provides that district school boards in the counties shall provide furniture for the schools, "in accordance with section 1433, sub-section six," and that there is no such provision in sub-section ten of sec. 1538. The insertion of those words in the one and their omission from the other does not affect the construction which should be given either when all the provisions of the Constitution and of chapters 66 and 67 of the Code as amended by the acts of March 15 and March 17, 1906, bearing upon the question are considered together; for it is clear, as it seems to us, that since the General Assembly, by the sixth sub-section of sec. 1433 of the Code as amended, expressly, by clear, explicit and unambiguous language, conferred the power and made it the duty of the State board of education "to select" the school furniture and appliances for all the public schools of the State, in the cities as well as in the counties, that power ought not to be construed to be taken away from the State board of educa-

tion by any language or provision in chapters 66 or 67 of the Code, less clear, explicit and unambiguous than that by which that power was conferred.

We are of opinion, therefore, that the school board of the city of Norfolk had no power to make the contract whose validity is involved in this case.

It may be proper to say, that when that school board accepted the proposition of the A. H. Andrews Company to furnish the school furniture, the board did not know that the State board of education had selected the furniture to be used in the public schools of the State, and that in attempting to keep and perform the contract with that company the city school board was acting in good faith under the advice of its counsel, that it and not the State board of education had the power of selection.    The action of the State board of education in making such selection was fully known, however, to the A. H. Andrews Company, and its conduct in attempting to make the contract with the school board of the city, under the facts disclosed by the record and not denied by it, was not characterized by good faith.

The decree appealed from, dissolving the injunction, must be reversed, and this court will enter such decree perpetuating the same as the trial court ought to have entered.

*Reversed.*