# Richmond

SAMUEL M. WHITE, JR. v. COMMONWEALTH OF VIRGINIA.

October 8, 1962.

Record No. 5506.

Present, All the Justices.

*Ernest H. Dervishian* (*Dervishian, Hutzler & Lowenstein,* on brief), for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

SNEAD, J., delivered the opinion of the court.

This appeal resulted from a judgment rendered against Samuel M. White, Jr., hereinafter referred to as defendant, wherein he was found guilty as charged of operating a motor vehicle after his operator's license or permit had been revoked and was sentenced to serve

a term of 30 days in jail and to pay a fine of $100 under § 46.1-350, Code 1950, as amended.

A jury trial was waived and the facts are not in dispute. On September 1, 1961, defendant was convicted in the Hustings Court of the City of Richmond on a charge of exceeding the speed limit. This offense and two other like offenses which resulted in convictions were committed within a period of twelve consecutive months. On October 13, 1961, the Commissioner of Motor Vehicles, in accordance with the provisions of § 46.1-419, Code 1950, as amended, entered an "order of revocation", which ordered that defendant's "license to operate any motor vehicle in the Commonwealth of Virginia is this day revoked, and shall not hereafter be reissued during a period of four months from the date the license is surrendered."

The order further directed defendant to return his operator's license to the Commissioner immediately as required by § 46.1-397. It recited the three convictions as grounds for revocation of his license. The "order of revocation" was mailed to defendant on the day it was entered. He received it but did not return his license as directed. On November 2, inspectors of the Division of Motor Vehicles called at defendant's home and orally requested him to surrender his license, but he told them that he had lost it. The next day defendant operated an automobile and was stopped by one of the inspectors. At that time he had in his possession the license which he then surrendered to the inspector. Whereupon he was arrested and the following charges were placed against him:

"1. Unlawfully failed to surrender his operator's license when ordered to do so by the Commissioner.

"2. Unlawfully operated an automobile after his operator's license had been revoked."

The defendant pleaded guilty to the first charge and was tried and punished for that offense. He pleaded not guilty to the second charge upon which he was convicted and it is the subject of this appeal.

The defendant moved to set aside the judgment as being contrary to the law and the evidence and without evidence to support it. The court's action in refusing to grant this motion is the sole assignment of error.

It is conceded by defendant that the Commissioner's action in revoking his license was lawful but he contends that the date fixed by the Commissioner as the commencement date of the revocation was unlawful in that it is in direct conflict with § 46.1-441, Code 1950, as amended, which reads:

"§ 46.1-441. Wherever it is provided in this title that the operator's or chauffeur's license, or the registration certificates or license plates of any person be suspended or revoked for a period of time on conviction of certain offenses, or after a hearing before the Commissioner of Motor Vehicles as provided by law, such period shall be *counted* from one hundred eighty days after said conviction becomes final or after the order of the Commissioner, as a result of such hearing, becomes final, or shall be *counted* from the date on which said license, certificate or plates are surrendered to the Commissioner or his agent, or to the court or clerk thereof, regardless of whether or not the record of conviction has been received by the Commissioner or his agent, whichever period shall first commence; provided, however, that the provisions of this section shall not apply in any case where the person whose license is subject to suspension or revocation gives a false name or otherwise conceals his identity." (Emphasis added.)

The defendant's position is that since he had not surrendered his license to the Commissioner, nor had 180 days elapsed from September 1, 1961, the date his last conviction became final, the four-month period of revocation imposed by the Commissioner had not commenced to run when he was arrested on the charge of operating a motor vehicle after his license had been revoked. Thus, he says that he had not violated § 46.1-350, Code 1950, as amended, under which he was convicted and sentenced. It provides:

"§ 46.1-350. (a) No person resident or nonresident whose operator's or chauffeur's license or instruction permit has been suspended or revoked by any court or by the Commissioner or by operation of law pursuant to the provisions of this title or of § 18-77 or who has been forbidden as prescribed by law by the Commissioner, the State Corporation Commission, the State Highway Commissioner, or the Superintendent of State Police, to operate a motor vehicle in this State *shall thereafter drive* any motor vehicle in this State unless and until the period of such suspension or revocation shall have terminated." (Emphasis added.)

Subsection (b) thereof prescribes the penalty for a violation of subsection (a).

As has been said the Commissioner ordered defendant's license revoked as of October 13, 1961, under the provisions of § 46.1-419, Code 1950, as amended, which reads as follows:

"§ 46.1-419. The Commissioner *shall forthwith revoke*, and shall not thereafter reissue during a period of not less than sixty days but shall thereafter reissue within a period of six months, the license of

any person, resident or nonresident, upon receiving records of two or more successive and distinct convictions or findings of not innocent in the case of a juvenile of violations committed within a twelve-month period of any provision of law, or any rules, regulations, or ordinances duly enacted in pursuance thereof, establishing the lawful rates of speed of motor vehicles and making the violation thereof punishable as a crime; provided that if there be more than two such convictions or findings the period during which such license may not be reissued shall be at least sixty days and not more than one year. The provisions of §§ 46.1-418 and 46.1-438 shall not apply to any person whose license is revoked under the provisions of this section." (Emphasis added.)

Sections 46.1-397, 46.1-419 and 46.1-441, *supra*, are a part of the Virginia Motor Vehicle Safety Responsibility Act. The General Assembly has expressly said: "It is the legislative intent that this chapter be liberally construed so as to effectuate as far as legally and practically possible and feasible its primary objective to promote and further greater safety in the operation of motor vehicles in this State." § 46.1-390, Code 1950, as amended.

It is not the purpose of the provisions authorizing the suspension or revocation of an operator's license to punish the driver. *Prillaman* v. *Commonwealth*, 199 Va. 401, 406, 100 S. E. 2d 4. They are designed to impress upon him the duty and necessity of obeying the traffic laws enacted for the safety of the public and to remove from the streets and highways an operator who is likely to cause injury or damage before such occurs. *Lamb* v. *Clark*, 199 Va. 374, 377, 378, 99 S. E. 2d 597.

In *Mitchell* v. *Witt*, 98 Va. 459, 461, 36 S. E. 528, it is stated:

"Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia*, and should be construed together; and effect should be given to them all, although they contain no reference to one another, * * *." See *Prillaman* v. *Commonwealth*, *supra*, 199 Va. 401, 406, 100 S. E. 2d 4, 7.

The statutes involved, when construed together are not inconsistent with one another, but in effect complement each other. Section 46.1-419 provides that the Commissioner "shall forthwith revoke" the license upon receiving records of two or more convictions committed within a twelve-month period for exceeding lawful rates of speed. Section 46.1-397 provides that the revoked license shall be immediately returned to the Commissioner; and § 46.1-441 provides how the period of revocation is "counted."

Section 46.1-441, *supra*, does not fix the time when the period of revocation begins to run as contended by the defendant. It provides that such period of revocation shall be "counted" from 180 days after the conviction of the licensee becomes final or "counted" from the date the license is surrendered, whichever first commences or occurs. This statute was not intended to and does not delay the enforcement of a revocation order. It simply delays the counting time of the period of revocation until one of the enumerated events occurs. Where the licensee fails or refuses to surrender his license as required by § 46.1-397, the period of revocation is not counted until he does surrender it or until 180 days have elapsed since the date his conviction became final. In the present case the four-month period of revocation commenced to be counted on November 3, 1961, the date he surrendered his permit. Had he continued to fail or refuse to surrender it, then at the expiration of 180 days from the date his conviction became final the period of revocation would have commenced to be counted. If the Commissioner does not order a revocation under § 46.1-419, *supra*, within the 180 day period, then any subsequent revocation by him would be counted from 180 days after the conviction of the licensee became final.

In support of his argument, defendant points to the title of chapter 222, Acts of Assembly, 1954, which reads:

"An Act to amend the Code of Virginia by adding a section numbered 46-427.1, [now 46.1-441] prescribing the time for the commencement of statutory periods for suspension or revocation of operators' and chauffeurs' licenses, registration certificates or license plates."

There the phrase "prescribing the time for the commencement of statutory periods for suspension or revocation" has reference to the time the suspension or revocation period starts to be counted and does not indicate that the suspension or revocation of the license is ineffective until the licensee surrenders his license or until 180 days after his conviction becomes final, whichever period first commences or occurs.

To adopt defendant's construction of the statute would be to say that he could delay the effective date of revocation and continue to drive until 180 days had elapsed from the date his conviction became final or until he at his convenience within that period felt it was an opportune time to surrender his license so that the public would be protected. This construction would be contrary to the expressed legislative intent to promote greater safety in the operation of motor vehicles in this Commonwealth.

Here, the defendant operated a motor vehicle in this State after his operator's license had been lawfully revoked and before the period of revocation had expired. In so doing he violated the provisions of § 46.1-350, *supra*, and his conviction under it was lawful.

For the reasons stated, the judgment appealed from is

*Affirmed.*