## Richmond

### ROBERT FRANCIS NELSON, JR.

v.

### COUNTY OF HENRICO

No. 1689-88-2

Decided July 3, 1990

COUNSEL

Sterling H. Moore (Canfield & Moore, on brief), for appellant.

Sharon L. Breeden, Assistant Commonwealth's Attorney, for appellee.

OPINION

**MOON, J.**—Robert Francis Nelson, Jr., seeks reversal of his speeding conviction upon the ground that Henrico County had no authority to reduce the fifty-five miles per hour speed limit to twenty-five miles per hour on a bridge after the county determined that an unsafe condition existed on the bridge. He claims that Code § 46.1-196[1] expressly mandated that only the Virginia Department of Transportation and Highways could reduce the speed limit on bridges. We disagree and affirm because Code § 46.1-180[2] allowed counties to regulate speeds upon highways which, by definition, include bridges. We find no conflict in the statutes.

On June 1, 1988, after a structural problem was detected by a county employee on a routine check of a bridge on Laburnum Avenue, Henrico County reduced the posted speed limit on the bridge from fifty-five to twenty-five miles per hour. Henrico County Traffic Engineer Lee Priestas observed the new signs a day or two later. The Virginia Department of Highways was not involved in the speed limit reduction. Repair work was undertaken in August, 1988.

On July 15, 1988, appellant was charged with driving fifty-four miles per hour on the bridge. The sole issue raised in defense was that the twenty-five miles per hour speed zone was unlawful because under Code § 46.1-196 the authority for the control of speed on bridges was vested exclusively within the Virginia Department of Highways.

Code § 46.1-196 provided:

---

[1] Now Code § 46.2-881.
[2] Now Code § 46.2-1300.

46.1-196. *Special speed limitation on bridges and tunnels.*—(a) It shall be unlawful to drive any motor vehicle . . . upon any public bridge . . . at a speed exceeding that indicated as a maximum by signs posted . . . *by or upon* the authority of the State Highway and Transportation Commissioner.

(b) The State Highway and Transportation Commissioner . . . *may* conduct an investigation of any public bridge . . . and shall thereupon determine and declare the maximum speed of vehicles *which such structure can withstand.* . . . (emphasis added).

We hold that this statute merely makes it unlawful to violate bridge maximum speed limits posted by authority of the Commissioner. We also conclude that the statute (1) does not address the legality of lesser bridge speed limits posted by authority other than of the Commissioner, and (2) does not vest authority for posting of bridge speed limits within the Commonwealth, solely within the Commissioner. In short, Code § 46.1-196 simply provided that it was unlawful to violate the Commissioner's posted speed limits wherever they may exist.

Furthermore, another statute in effect at the time, Code § 46.1-180, provided, in pertinent part:

(a) In counties, cities and towns the governing body may adopt ordinances to regulate the operation of vehicles on the highways of such counties, cities and towns not in conflict with the provisions of this title and may repeal, amend or modify such ordinances and may erect appropriate signs or markers on the highway showing the general regulations applicable to the operation of vehicles on such highways. The governing body of any county, city or town may by ordinance, or may by ordinance authorize its chief administrative officer to:

(1) Increase or decrease the speed limit within their boundaries provided such increase or decrease in speed shall be based upon an engineering and traffic investigation by such county, city or town and provided such speed area or zone is clearly indicated by markers or signs; provided, however, that the governing body of any city or town, by ordinance, may authorize the city or town manager or such officer thereof as

it may designate, to reduce for a temporary period not to exceed sixty days, without such engineering and traffic investigation, the speed limit on any portion of any highway of the city or town on which men are working or where the highway is under construction or repair.

Thus, localities may adopt ordinances not in conflict with provisions of Title 46.1 and the governing body of the locality may authorize its chief administrative officer to increase and decrease speeds based upon an engineering and traffic investigation by such county. No question was raised in the trial court or on appeal as to the propriety of the county's actions in erecting the signs if Code § 46.1-180 had not prohibited it. This grant of authority includes increasing or decreasing speed limits on highways (Code § 46.1-180(a)(1)), but it does not specifically mention speed limits on bridges.

We find that none of these statutes are necessarily in conflict and all are logically consistent. Statutes must be construed consistently with each other and so as to reasonably and logically effectuate their intended purpose. *See White v. Commonwealth*, 203 Va. 816, 819, 127 S.E.2d 594, 596 (1962). We believe that it is illogical to assume that the General Assembly intended that a county could, because of hazardous conditions on a stretch of highway including a bridge, reduce the flow of traffic to a safe speed approaching the bridge but could not reduce traffic speed upon the bridge. We believe that the General Assembly, for the purposes of Code § 46.1-180(a)(1), intended that a bridge be considered as part of a "[h]ighway," because Code § 46.1-1, in effect at the time, defining terms for all of Title 46.1, defined "[h]ighway" as "[t]he entire width between the boundary lines of every way or place of whatever nature open to the use of the public for purposes of vehicular travel in this Commonwealth."

Appellant argues that there is no logical reason to have a separate statute for bridges as opposed to highways unless the General Assembly intended to vest the State Highway and Transportation Department with sole authority for their speed regulation. However, Code § 46.1-196(b) provided that the State Department of Highway and Transportation "may" conduct engineering studies and "shall" thereupon determine the maximum speed. The purpose is stated, not to be for the safe passage of traffic but to be for

the safety of the "structure." We believe the Commonwealth may take a special interest in the speed of vehicles over bridges because speed may increase the force applied to the surface of a "structure." The force applied to structures increases the wear and tear upon them. Bridges are obviously more expensive to replace than roadways and their collapse conceivably could be more catastrophic. Thus, a special statute dealing with speed, to reflect the special interest of the General Assembly in the structural safety of bridges, is not inconsistent with allowing counties to adopt lower speeds on highways, including bridges, for the purposes of vehicular safety.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.