COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


NORMAN H. RAGLAND

                                 MEMORANDUM OPINION[*] BY
v.        Record No. 1036-96-2    JUDGE LARRY G. ELDER
                                    FEBRUARY 18, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    James E. Kulp, Judge

           John B. Boatwright, III (Boatwright & Linka,
           on brief), for appellant.

           Leah A. Darron, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Norman H. Ragland (appellant) appeals his conviction of a

second or subsequent offense of operating a motor vehicle after

having been declared an habitual offender in violation of Code

§ 46.2-357.  He contends that the trial court erred when it

denied his motion to suppress evidence obtained during a stop of

his car because the detaining police officer lacked a legally

cognizable reason to stop him.  For the reasons that follow, we

affirm.

                              I.

                            FACTS

     In 1988, appellant was adjudged to be an habitual offender

and his driver's license was revoked for a period of ten years.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant was convicted of felony habitual offender in 1992.

At 2:30 a.m. on February 4, 1995, Officer Douglas Burton of the Henrico County Police Department was on patrol when he observed a vehicle with an anomalous tail light. Officer Burton noticed that the red plastic cover of this tail light was askew so that about an inch and a half of white light emanated from it. The other tail light was completely covered by its red plastic cover and was functioning properly. Officer Burton initiated a traffic stop of the vehicle, during which he discovered that appellant was the driver.

Appellant was charged with a second or subsequent offense of operating a motor vehicle after having been declared an habitual offender in violation of Code § 46.2-357. At trial, the Commonwealth's evidence consisted of Officer Burton's testimony and proof of appellant's prior convictions. At the close of the Commonwealth's case, appellant moved to suppress the evidence obtained by Officer Burton during the stop of his car. The trial court denied appellant's motion, and a jury convicted appellant of a second or subsequent offense of operating a motor vehicle after having been declared an habitual offender.

## II.

### THE BROKEN TAIL LIGHT

Appellant contends that the trial court erred when it denied his motion to suppress because Officer Burton had no legal reason to stop his vehicle on February 4, 1995. Specifically, appellant

argues that Officer Burton could not stop his vehicle on the basis of his broken tail light because driving a vehicle with one broken tail light while the other tail light functions properly is not a violation of Virginia law. We disagree.

"Motor vehicles operating on the highways of this State are required to comply with the statutes relating to lighting equipment in effect at the time of their operation." Hall v. Hockaday, 206 Va. 792, 798, 146 S.E.2d 215, 219 (1966). We hold that the trial court did not err in denying appellant's motion to suppress because Officer Burton's stop of appellant's car was based on a reasonable, articulable suspicion that appellant's automobile had defective equipment. Cf. Freeman v. Commonwealth, 20 Va. App. 658, 660-61, 460 S.E.2d 261, 262 (1995). Virginia law makes it unlawful for a person to drive a vehicle that has a defective tail light on the highways of the Commonwealth. Code § 46.2-1003 states that:

> it shall be unlawful for "any person to use or have as equipment on a motor vehicle operated on a highway any device or equipment mentioned in § 46.2-1002 which is defective or in unsafe condition.

(Emphasis added). Included among the equipment mentioned in Code § 46.2-1002 is ". . . any lighting device . . . for which approval is required by any provision of this chapter . . . ." Code § 46.2-1013 requires tail lights used on motor vehicles to be approved by the superintendent of the Department of State Police of the Commonwealth. Thus, under Code § 46.2-1003, it is

-3-

unlawful to drive a car that has a tail light in defective condition.

The record indicates that Officer Burton stopped appellant's car because of a reasonable, articulable suspicion that appellant was driving a car with a defective tail light. "Defective" is commonly defined as "falling below an accepted standard in regularity and soundness of form or structure." Webster's Third New International Dictionary 591 (1981). The Virginia Code requires tail lights to be a "red light plainly visible in clear weather from a distance of 500 feet to the rear of such vehicle." Code § 46.2-1013. Officer Burton observed that the red plastic covering of appellant's tail light was out of place so that it emanated both a red light and a white light that was plainly visible to him from a distance. Because Officer Burton saw that appellant's tail light deviated from the standard for tail lights set forth in Code § 46.2-1013, he had reason to conclude that appellant was driving a car with a defective tail light.

Appellant contends that Officer Burton had no legal justification to stop appellant because driving a car with one defective tail light and one functioning tail light is legal in Virginia. Specifically, appellant argues that Code § 46.2-1013 must be read together with Code § 46.2-1003 and that a driver does not violate Code § 46.2-1003 if his car has at least one tail light that functions in accordance with Code § 46.2-1013. We disagree because appellant's proposed reading of these two

code provisions fails to give full effect to the apparent intent of Code § 46.2-1003. "'In construing a statute the court should seek to discover the intention of the legislature as ascertained from the act itself when read in the light of other statutes relating to the same subject matter.' 'Two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions.'" Tharpe v. Commonwealth, 18 Va. App. 37, 43, 441 S.E.2d 228, 232 (1994) (citations omitted). Code § 46.2-1013 is codified among the provisions in Title 46.2 that set forth the minimum requirements for "lights and turn signals" with which all vehicles must comply. Code § 46.2-1003, on the other hand, is codified among the provisions regarding "vehicle and equipment safety." It does more than set a minimum standard; it regulates the maintenance of devices or equipment used on a vehicle. In particular, Code § 46.2-1003 prohibits the use on a vehicle of any equipment mentioned in Code § 46.2-1002 that is either unsafe or defective, whether or not this equipment exceeds the minimum requirements set forth elsewhere in the Code. Thus, the apparent intent of Code § 46.2-1003 is to compel automobile owners to repair or replace any of their vehicle's equipment that falls into a defective or unsafe condition. Appellant's harmonization of Code § 46.2-1003 with Code § 46.2-1013 has the effect of eviscerating the impact of Code § 46.2-1003 because it would create an entire class of equipment that may be legally used on a vehicle in an

-5-

unsafe or defective condition simply because the equipment is in excess of the Code's minimum requirements. We will not construe these two provisions to achieve such an unwarranted result. <u>See</u> <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).

For the foregoing reasons, we hold that the stop was lawful. Therefore, we affirm the conviction of a second or subsequent offense of operating a motor vehicle after having been declared an habitual offender in violation of Code § 46.2-357.

<u>Affirmed</u>.