COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


MAURISE DARIUS KERNS, S/K/A
  MAURICE KERNS
                                          MEMORANDUM OPINION[*] BY
v.       Record No. 0230-06-4              JUDGE ROSEMARIE ANNUNZIATA
                                                 MAY 1, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Judge Designate

Joseph B. Dailey, Assistant Public Defender, for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Maurise Darius Kerns  ("appellant") contends on appeal the trial court lacked authority to

commit him to the Department of Juvenile Justice ("DJJ").  Appellant argues the current offense

before the trial court was not a felony or Class 1 misdemeanor as required for a commitment to DJJ

and the trial court had no authority to revoke a suspended sentence on a subsequent violation when

it did not impose such a commitment at a previous revocation hearing.  We affirm the judgment of

the trial court.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that the juvenile and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

domestic relations district court ("juvenile court") placed appellant on probation on September 1, 2004, based on the commission of a robbery.[1]

On November 10, 2004, appellant's probation officer filed a report of probation violation. Appellant pled guilty to the violation on December 14, 2004, and was sentenced to fifteen days in juvenile detention.

On January 31, 2005, appellant's probation officer filed another report of probation violation. Upon appellant's plea of guilty to that violation on March 16, 2005, the trial court extended his probation for six months, imposed a suspended commitment to DJJ and ordered appellant to enter and successfully complete a program at the "Boy's Probation House" ("BPH").

On July 22, 2005, appellant violated the terms of his probation by leaving BPH. On August 10, 2005, the juvenile court changed his probation status to indefinite and sentenced appellant to thirty days in juvenile detention.

On October 19, 2005, appellant's probation officer filed a report of probation violation requesting that appellant's "probation be modified or otherwise revoked in violation of section 16.1-291." The petition and affidavit alleged that appellant had been terminated from BPH for repeated disruptive behavior and noncompliance with the program's rules which precluded him from successfully completing the BPH program ordered as a condition of probation. On November 16, 2005, the juvenile court found appellant in violation of his probation and committed him to DJJ for an indeterminate period.

Appellant appealed that determination to the trial court, which conducted a hearing on the matter on December 2, 2005. The trial court found appellant guilty of violating his probation,

---

[1] Pursuant to Rule 5A:8(c), the parties presented an agreed statement of facts, in lieu of a transcript.

committed him to DJJ for an indeterminate period, and ordered that appellant have a review hearing in sixty days.

## ANALYSIS

Appellant argues the trial court improperly committed him to DJJ. He bases his argument on language in Code § 16.1-291 that limits the actions a juvenile court "may take to *those that the court may have taken at the time of the court's original disposition* pursuant to §§ 16.1-278.2 through 16.1-278.10." Code § 16.1-291(B) (emphasis added). Focusing on Code § 16.1-278.8, one of the sections referenced in Code § 16.1-291, appellant asserts that Code § 16.1-278.8 only allows the juvenile court to commit a juvenile to DJJ if his "current offense" before the trial court is a felony or Class 1 misdemeanor. Appellant argues the current offenses before the court on December 5, 2005 were probation violations and not one of the enumerated "current offense[s]" listed in Code § 16.1-278.8(A)(14).

Code § 16.1-291(B) provides:

> *If a juvenile or person is found to have violated a prior order of the court or the terms of probation or parole, the court may, in accordance with the provisions of §§ 16.1-278.2 through 16.1-278.10, upon a revocation or modification hearing, modify or extend the terms of the order of probation or parole, including termination of probation or parole.* However, notwithstanding the contempt power of the court as provided in § 16.1-292, *the court shall be limited in the actions it may take to those that the court may have taken at the time of the court's original disposition pursuant to §§ 16.1-278.2 through 16.1-278.10*, except as hereinafter provided.

(Emphases added.)

Code § 16.1-278.8(A)(14) provides the following disposition for a juvenile found to be delinquent:

> Commit the juvenile to the Department of Juvenile Justice, but only *if* he is 11 years of age or older and *the current offense is (i) an offense that would be a felony if committed by an adult*, (ii) an offense that would be a Class 1 misdemeanor if committed by an

- 3 -

adult and the juvenile has previously been found to be delinquent based on an offense that would be a felony if committed by an adult, or (iii) an offense that would be a Class 1 misdemeanor if committed by an adult and the juvenile has previously been adjudicated delinquent of three or more offenses that would be a Class 1 misdemeanor if committed by an adult, and each such offense was not a part of a common act, transaction or scheme.

(Emphasis added.)

"'Two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions.'" Tharpe v. Commonwealth, 18 Va. App. 37, 43, 441 S.E.2d 228, 232 (1994) (quoting ACB Trucking, Inc. v. Griffin, 5 Va. App. 542, 547-48, 365 S.E.2d 334, 337-38 (1988)). "Moreover, '[s]tatutes must be construed consistently with each other and so as to reasonably and logically effectuate their intended purpose.'" Id. (quoting Nelson v. County of Henrico, 10 Va. App. 558, 561, 393 S.E.2d 644, 646 (1990)).

In construing the language used in the two statutes, we conclude that the terms "original disposition" and "current offense" mean the same thing and evince the legislature's intent to authorize the juvenile court to modify and extend the terms of a juvenile's probation upon a violation of probation or court order and impose the full range of punishment originally available when it first sentenced the juvenile upon the "current offense" or "original disposition." Here, appellant's "current" or underlying offense was robbery, a felony, and it remained a felony each time he was before the court on a probation violation. That fact alone authorized the trial court to commit appellant to DJJ based on violating the terms of probation. Because the trial court had authority under the juvenile statutes to commit him to DJJ for violating the terms of his probation, the trial court did not commit reversible error.

Appellant further argues that the trial court "had no authority to revoke a suspended sentence on a subsequent violation since it did not impose the commitment at a previous revocation hearing."

- 4 -

Appellant put forth a two-paragraph argument. The first paragraph cites to and relies upon adult parole and probation laws.[2]

The second paragraph contains factual representations without legal analysis or citations to case law or statutory law. His final two sentences conclude, as follows:

> What the Courts hearing the August 10 probation violation did not have was a suspended order of commitment attached to the indefinite probation order. Therefore, when Mr. Kerns came before the Circuit Court for the current violation of probation, the Circuit Court was without authority to impose a previously suspended sentence to DJJ.

Rule 5A:20(e) mandates that the appellant's brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Appellant had the burden of showing by the record that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Thus, we need not consider this argument. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). Accordingly, this issue is hereby dismissed.

Affirmed.

---

[2] To the extent that appellant relies upon adult probation and parole statutes contained in Title 19.2, we find that argument inapplicable in that the legislature specifically passed laws pertaining to juveniles despite the presence of adult statutes in other areas of the Code. See Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237-38 (2005) (discussing purpose behind juvenile statutes and distinguishing them from adult statutes).