COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and
          Humphreys
Argued at Richmond, Virginia


FRANK CLIFTON KING, JR.
                                        OPINION BY
v.   Record No. 2578-00-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      FEBRUARY 11, 2003
COMMONWEALTH OF VIRGINIA


           UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

          Gregory W. Franklin, Assistant Public
          Defender, for appellant.

          Susan M. Harris, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on brief),
          for appellee.


     Frank Clifton King, Jr. (appellant) was convicted in a jury

trial of maliciously shooting within an occupied dwelling, in

violation of Code § 18.2-279.[1]  The sole issue on appeal is

whether the Commonwealth proved the allegation in the indictment

that appellant shot at or threw a missile at or against an

occupied dwelling.  For the following reasons, we affirm

appellant's conviction.

---

[1] Appellant was also convicted of first-degree murder, use
of a firearm in the commission of murder, robbery, and use of a
firearm in the commission of robbery, but those convictions are
not before the Court.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that on March 3, 2000, appellant was living with his aunt and uncle, Donald Lee King. Appellant and Antonio Harris (Harris) formulated a plan to rob Donald Lee King.  Danny Bailey (Bailey), Donald Lee King's friend, was visiting the home at about 8:00 p.m. when Harris came through the front door brandishing two handguns.  At Harris's instruction, both men got on the floor.  Appellant entered the room from his bedroom holding a shotgun, stood over Donald Lee King, and fired at him after demanding money.  Bailey jumped up from the floor and escaped through the front door. Several shots were fired at him as he ran.  Harris fired shots from his handguns, and appellant fired one shot through the window with the shotgun.  King was killed, and Bailey was wounded by the gunfire.

In appellant's motion to strike the instant charge, he argued as follows:

> The Commonwealth has not proved that, Judge.
> The language specific to the indictment
> contemplates throwing a missile at or
> shooting a missile at a dwelling.  That
> language contemplates further, shooting from

> outside into a dwelling.  The Commonwealth
> has not proved that.  It hasn't met the
> language that they set out in the
> indictment.

(Emphasis added).

The trial court denied the motion.  Appellant was convicted and sentenced to ten years, with five yearssuspended, on this offense.

## II.

"The jury's verdict may not be disturbed unless it is plainly wrong or without evidence to support it."  Hills v. Commonwealth, 33 Va. App. 442, 456, 534 S.E.2d 337, 344 (2000).

Appellant contends that there was a fatal variance between the allegations set out in the indictment and the proof at trial because the Commonwealth failed to prove that the shot fired by appellant came from outside the dwelling.  We disagree.

"An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him."  Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986).  "A variance is fatal . . . only when the proof is different and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged."  Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991) (citing Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984)).

- 3 -

In the instant case, the indictment states that appellant, "did feloniously, unlawfully and maliciously shoot at or throw a missile at or against an occupied building or dwelling house located at 1220 N. 36th Street, thereby putting the lives of the occupants in peril. Virginia Code Section § 18.2-279."

Code § 18.2-279 provides, in pertinent part:

> If any person maliciously discharges a
> firearm within any building when occupied by
> one or more persons in such a manner as to
> endanger the life or lives of such person or
> persons, or maliciously shoots at, or
> maliciously throws any missile at or against
> any dwelling house or other building when
> occupied by one or more persons, whereby the
> life or lives of any such person or persons
> may be put in peril, the person so offending
> shall be guilty of a Class 4 felony.

Appellant argues that the evidence proved that his shot came from inside the house, an offense defined by the first clause of Code § 18.2-279, while the indictment alleged that he shot "at" the house and contemplated a shot fired from outside the dwelling. Appellant concedes that the statute contains language in its first prong prohibiting his actions, but argues the language in the indictment required the Commonwealth to prove his shot came from outside the building.

Code § 19.2-220 provides that:

> The indictment or information shall be a
> plain, concise and definite written
> statement, (1) naming the accused, (2)
> describing the offense charged, (3)
> identifying the county, city or town in
> which the accused committed the offense, and
> (4) reciting that the accused committed the

- 4 -

offense on or about a certain date.  In describing the offense . . . the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

"The indictment should also 'cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense.'"  Sims v. Commonwealth, 28 Va. App. 611, 619, 507 S.E.2d 648, 652 (1998) (quoting Rule 3A:6(a)).  "'[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'"  Id. (quoting Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990)).  "'[M]ere matters of form [will be rejected] where no injury could have resulted therefrom to the accused.'"  Griffin,13 Va. App. at 411, 412 S.E.2d at 711 (quoting Mitchell v. Commonwealth, 141 Va. 541, 558, 127 S.E. 368, 374 (1925)).

In the instant case, the indictment fulfilled these requirements.  Clearly, appellant was on notice of the offense charged.  The underlying petition in the juvenile and domestic relations district court stated the offense as follows:  "He did on or about 3/3/00, unlawfully, feloniously, and maliciously shoot/discharge a firearm within or at an occupied dwelling house in violation of section 18.2-279 of the 1950 Code of Virginia as amended."

The evidence at trial proved a violation of the second prong of the statute, shooting "at or against" a building whereby the life of an occupant is put in peril. The shots here, though fired from inside, were "at" a part of the building.

"When the language of a statute is clear and unambiguous, the statute's plain meaning must be accepted." Roberts v. Roberts, 260 Va. 660, 668, 536 S.E.2d 714, 718 (2000).

In construing the plain meaning of the second prong of the statute:

> The word "at" has a common and easily understood meaning and is defined as a function word used to indicate . . . that toward which an action . . . is directed. Thus, all that is required of the Commonwealth to prove a violation of Code § 18.2-279 is that it prove beyond a reasonable doubt that the principal in the first degree intended to shoot at or toward an occupied dwelling.

Fleming v. Commonwealth, 13 Va. App. 349, 355, 412 S.E.2d 180, 184 (1991) (internal quotation omitted).

Code § 18.2-279 does not specify where the shooter must be located in relation to the occupied dwelling, and we can discern no legislative directive implicating such a limitation. When read together, the first prong of the statute deals with the locale of the shot, (i.e., "within the building"). The second prong, which was specifically referenced in appellant's indictment, concerns the destination of the shot, (i.e., "at the

- 6 -

building") and does not specify the locale of the shooter. Thus, there was no fatal variance between the indictment and proof at trial.  The language of the indictment adequately informed appellant of the nature of his offense and does not "contemplate only . . . shooting from outside into a dwelling" as appellant contends.

In the instant case, appellant shot through a window in an attempt to kill Bailey, an occupant of the dwelling who was fleeing a robbery.  This evidence establishes appellant's violation of Code § 18.2-279.

For the foregoing reasons, we affirm.

Affirmed.

- 7 -