COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Millette
Argued at Alexandria, Virginia


ALEXANDER RIVAS

OPINION BY
v.        Record No. 0655-07-4        JUDGE LARRY G. ELDER
APRIL 15, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Bradley R. Haywood, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Alexander Rivas (appellant), a juvenile, appeals from a circuit court order finding him in

violation of the conditions of his probation for an offense that would have been punishable as a

felony if committed by an adult. On appeal, he contends the court lacked authority at the

violation hearing to order him committed to the Department of Juvenile Justice because it had

not exercised that authority at the original dispositional hearing, having opted instead to place

him on probation. We hold that, upon appellant's violation of the conditions of his probation,

the court had authority pursuant to Code §§ 16.1-278.8 and 16.1-291 to impose a suspended

Department of Juvenile Justice commitment, and we affirm.

I.

BACKGROUND

Appellant, a juvenile, was convicted in juvenile and domestic relations district court

(J&DR court) for the offense of larceny of animals, an offense that would have been a felony if

committed by an adult. By order entered September 20, 2006, when appellant was fourteen years old, the J&DR court placed him on probation. Appellant endorsed the rules of probation, which included requirements that he obey a specified curfew, attend school regularly without being suspended, obey his parents and probation officer, and notify his probation officer of any change of residence.

On November 13, 2006, appellant's mother notified the court services unit that appellant had absconded on November 11, 2006. Appellant's whereabouts were not discovered until January 4, 2007, when it was determined he had been staying at the home of a friend. It was also discovered that immediately prior to appellant's absconding, he was suspended from school for four days as a result of disrespectful behavior toward school staff. While appellant was missing from November 2006 to January 2007, he was also truant.

At proceedings instituted by the Commonwealth to revoke appellant's probation, appellant conceded the Commonwealth's evidence would establish these probation violations. As to the appropriate disposition on these violations, however, appellant argued his "current offense" for purposes of Code § 16.1-278.8(A) was a probation violation and that this was not an offense included in the categories enumerated under Code § 16.1-278.8(A)(14) for which commitment to the Department of Juvenile Justice (DJJ) was authorized. He reasoned that because commitment was not authorized under Code § 16.1-278.8(A)(14), Code § 16.1-291(B) could not be employed to impose a period of commitment because it limited the court's power to modify or extend the period of probation to those actions the court was authorized to have taken at the time of the court's "original disposition" pursuant to Code §§ 16.1-278.2 to -278.10. Appellant asserted that because commitment was not authorized for a probation violation, the court lacked authority to impose that sanction under Code § 16.1-291(B).

The circuit court ruled that the "current offense" language in Code § 16.1-278.8(A)(14) and the "original disposition" language of Code § 16.1-291(B) both referred to the proceeding at which the juvenile was originally determined to be delinquent, rather than the subsequent probation violation proceeding. Thus, the court ruled it was authorized to impose a period of suspended commitment, action that could have been taken at the original September 20, 2006 disposition for the larceny offense that would have been a felony if committed by an adult.

Appellant noted this appeal.

II.

ANALYSIS

In the case of a juvenile found to be delinquent, the J&DR or circuit court is authorized to "make any" of the numerous types of "orders of disposition for [the juvenile's] supervision, care and rehabilitation" set out in Code § 16.1-278.8(A), including, "7. Plac[ing] the juvenile on probation under such conditions and limitations as the court may prescribe," or "14. Commit[ting] the juvenile to the Department of Juvenile Justice . . . if he is 11 years of age or older and the current offense is (i) an offense that would be a felony if committed by an adult . . . ."

Pursuant to Code § 16.1-291,

> A. A juvenile or person . . . who violates the conditions of his probation granted pursuant to . . . § 16.1-278.8 . . . may be proceeded against for a revocation or modification of such order . . . .
>
> B. If a juvenile or person is found to have violated a prior order of the court or the terms of probation or parole, the court may, in accordance with the provisions of §§ 16.1-278.2 through 16.1-278.10, upon a revocation or modification hearing, modify or extend the terms of the order of probation or parole, including termination of probation or parole. However, notwithstanding the contempt power of the court as provided in § 16.1-292, the court shall be limited in the actions it may take to those that the court may have taken at the time of the court's original disposition

pursuant to §§ 16.1-278.2 through 16.1-278.10, except as hereinafter provided [in subsections (C), (D) and (E), which are not relevant to the instant proceedings].

Appellant contends the trial court was not authorized to commit him to DJJ as a result of the probation violation because the plain language of Code § 16.1-291 "empowers a court at a violation hearing merely to modify, extend, or terminate an order of probation" and "does not permit a court to make a new order of disposition, or add to the existing order." Under settled principles of statutory construction, we disagree.

We consider questions of pure statutory construction *de novo*. Conkling v. Commonwealth, 45 Va. App. 518, 521, 612 S.E.2d 235, 237 (2005). In construing Code §§ 16.1-278.8 and -291, "we are guided by a basic tenet of statutory construction that closely related statutes must be read as being consistent with one another." Austin v. Commonwealth, 42 Va. App. 33, 40, 590 S.E.2d 68, 72 (2003). We must also construe the statutes "'so as to reasonably and logically effectuate their intended purpose.'" Tharpe v. Commonwealth, 18 Va. App. 37, 43, 441 S.E.2d 228, 232 (1994) (quoting Nelson v. County of Henrico, 10 Va. App. 558, 561, 393 S.E.2d 644, 646 (1990)).

Manifestly, then, as to a juvenile who violates the conditions of probation imposed pursuant to Code § 16.1-278.8, the court may "modify or extend the terms of the order of probation" "in accordance with the provisions of §§ 16.1-278.2 through 16.1-278.10," subject to the condition that it is "limited in the actions it may take to those that the court may have taken at the time of the court's *original disposition* pursuant to §§ 16.1-278.2 through 16.1-278.10." Code § 16.1-291(B) (emphasis added). The term, "original disposition," in Code § 16.1-291(B) plainly refers to the dispositional proceeding for the larceny of animals offense held under Code § 16.1-278.8(A), in which the original conditions of probation were imposed.

Contrary to the argument of appellant, we do not believe "the legislative history" compels the statutory interpretation he advances. He points to the language of Code § 16.1-291(B) as it existed prior to 2001. That language provided that, if a violation of the terms of probation was found, "the court may, in accordance with the provisions of §§ 16.1-278.2 through 16.1-278.10, upon a revocation or modification hearing, modify or extend the terms of the order of probation or parole, including termination of probation or parole*, or make any other disposition of the child.*" 1992 Va. Acts, ch. 90 (emphasis added). In 2001, the General Assembly rewrote the statute. See 2001 Va. Acts, ch. 853. Although it deleted the italicized language from subsection (B), it simultaneously added a second sentence to subsection (B), the sentence providing *inter alia* that, "notwithstanding the contempt power of the court as provided in § 16.1-292, the court shall be limited in the actions it may take to those that the court may have taken at the time of the court's original disposition pursuant to §§ 16.1-278.2 through 16.1-278.10." We think these simultaneous alterations exhibit a legislative intent merely to clarify rather than change the dispositions of the child the court was authorized to make.

We also reject appellant's claim that such a holding is inconsistent with the statutory revocation scheme applicable to adults. Code § 16.1-291 differs in language and purpose from the provisions governing modification or revocation of an adult's probation conditions. Pursuant to Code § 19.2-304, for example, a court, upon proper notice and hearing, may "revoke or modify any condition of probation." Code § 19.2-306 allows a court, "[i]n any case in which [it] has suspended the execution or imposition of sentence, [to] revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period." "[T]he issue at a revocation proceeding is not what sentence to impose upon the defendant for his prior criminal conviction, but whether to continue all or any portion of a previously imposed and

- 5 -

suspended sentence due to the defendant's failure to abide by the terms of his probation."

Alsberry v. Commonwealth, 39 Va. App. 314, 318, 572 S.E.2d 522, 524 (2002).

As to a juvenile, however, Code § 16.1-291 allows a court to "modify *or extend* the terms of the [juvenile's] order of probation." Code § 16.1-291(B) (emphasis added). Although the adult statutes do not permit a court to extend *an adult's* probation term by adding a suspended sentence, see Robertson v. Superintendent of the Wise Corr. Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994), Code § 16.1-291(B) specifically authorizes a court to extend a *juvenile's* probation terms by taking any action it could "have taken at the . . . original disposition." The statutory scheme logically allows for greater discretion in the disposition of juvenile offenders due to what the legislature has determined to be their unique needs for supervision and rehabilitation: "'The primary function of the juvenile courts is not conviction or punishment for crime; but crime prevention and juvenile rehabilitation.'" Conkling, 45 Va. App. at 522, 612 S.E.2d at 237 (quoting Kiracofe v. Commonwealth, 198 Va. 833, 844, 97 S.E.2d 14, 21 (1957)); see also id. at 522, 612 S.E.2d at 237-38 (noting the United States Supreme Court's recent emphasis in Roper v. Simmons, 543 U.S. 551, 569-70, 125 S. Ct. 1183, 1195, 161 L. Ed. 2d 1, 21-22 (2005), on "three traditional reasons for treating juvenile offenders differently than their adult counterparts: 1) an understandable lack of maturity and underdeveloped sense of responsibility in juveniles . . . , 2) the heightened susceptibility and vulnerability of juveniles to 'negative influences and . . . peer pressure,' and 3) the fact that the character and personality traits of juveniles are not as well formed . . . [as] those of adults"). If appellant's argument were to prevail, courts would be more likely to impose suspended commitments on juveniles at their original dispositions and impose active commitments upon a probation violation. Prohibiting a court from waiting until a probation violation occurred to order a suspended commitment would

significantly limit its discretion to exercise leniency in keeping with the primary goals of providing supervision and rehabilitation to juvenile offenders.

Thus, here, appellant's "current" or underlying offense was a form of grand larceny, punishable as a felony if committed by an adult, and it remained a felony each time he came before the court on a probation violation. That fact alone authorized the trial court to commit appellant to DJJ when he violated the terms of his probation. Because the trial court had authority under the juvenile statutes to commit appellant to DJJ for violating the terms of his probation, the trial court did not commit reversible error in imposing a term of suspended commitment.

III.

For these reasons, we hold that, upon appellant's violation of the conditions of his probation, the court had authority pursuant to Code §§ 16.1-278.8 and 16.1-291 to impose the suspended Department of Juvenile Justice commitment, and we affirm.

Affirmed.