COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued at Chesapeake, Virginia

JABRIL JAMAL HOLLIDAY

OPINION BY
v.      Record No. 2003-13-1          JUDGE STEPHEN R. McCULLOUGH
DECEMBER 30, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Richard C. Clark, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Jabril Jamal Holliday, who was a juvenile at the time he committed the crimes at issue,

assigns error to the trial court's failure to quash a conspiracy indictment against him.[1]  He argues

that the Commonwealth cannot obtain a direct indictment for a charge that is ancillary to a

first-degree murder charge after the juvenile court has certified that murder charge.  We disagree

and affirm.

BACKGROUND

Appellant was charged on juvenile petitions with the first-degree murder of Kody Scruton

and use of a firearm in the commission of a felony.  On September 27, 2011, the juvenile and

domestic relations district court held a transfer hearing and certified both charges to the circuit

court for appellant to be tried as an adult.

---

[1] Appellant was indicted for two conspiracies, but the Commonwealth disposed of one of
those charges by *nolle prosequi*.

On March 19, 2012, the Commonwealth obtained indictments on two conspiracy counts. Appellant filed a motion to quash these indictments. The court denied the motion, and the case proceeded to trial. Appellant was convicted of first-degree murder, use of a firearm in the commission of a felony, and conspiracy. He was sentenced to serve a total of fifty-three years in prison, with fifteen years suspended.

ANALYSIS

This case presents a question of statutory construction, which we review *de novo*. Rivas v. Commonwealth, 51 Va. App. 507, 511, 659 S.E.2d 524, 526 (2008). We will apply the plain meaning of a statute "unless the terms are ambiguous or applying the plain language would lead to an absurd result." Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

One of the signal reforms of the past century was the institution of juvenile courts designed to deal with the unique problems of juvenile delinquents. These courts were conceived as oriented primarily toward crime prevention and juvenile rehabilitation rather than punishment. Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005); see also Code § 16.1-227. Nevertheless, the General Assembly made the policy judgment that juveniles who commit certain grave crimes should be treated as adults. First-degree murder is such a crime. See Code § 16.1-269.1(B).

Code § 16.1-269.1(A) directs juvenile courts to hold a transfer hearing whenever a juvenile fourteen years of age or older at the time of the alleged offense has committed an offense that would be a felony if committed by an adult – except as provided in subsections (B) and (C). Code § 16.1-269.1(B) requires the juvenile court to hold a preliminary hearing whenever such a juvenile is charged with, among other offenses, first-degree murder. Subsection (D) then specifies that, upon a finding of probable cause in a preliminary hearing, "the juvenile court shall certify the charge, and all ancillary charges, to the grand jury." Code

§ 16.1-269.1(D). "Such certification shall divest the juvenile court of jurisdiction as to the charge and any ancillary charges." Id. An ancillary charge or crime is "any delinquent act committed by a juvenile as a part of the same act or transaction as, or which constitutes a part of a common scheme or plan with, a delinquent act which would be a felony if committed by an adult." Code § 16.1-228.

In addition, Code § 16.1-272 provides that, "[i]n any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults." Likewise, Code § 16.1-269.6(C) provides as follows:

> The circuit court order advising the attorney for the Commonwealth that he may seek an indictment shall divest the juvenile court of its jurisdiction over the case as well as the juvenile court's jurisdiction over any other allegations of delinquency arising from the same act, transaction or scheme giving rise to the charge for which the juvenile has been transferred.

Appellant maintains that the trial court erred when it refused to quash the conspiracy indictment. He takes the view that Code § 16.1-269.1 prevents the Commonwealth from "seek[ing] a direct indictment without first proceeding on a juvenile petition." He further argues that, because the juvenile court was divested of jurisdiction after it certified the first-degree murder charge, the conspiracy petitions cannot be brought in either court and, accordingly, must be dismissed. The net effect of appellant's position is that the Commonwealth must file all charges ancillary to the first-degree murder with the murder charge or be forever barred from bringing subsequent ancillary charges. In short, he contends, the General Assembly created a Catch-22 for certain ancillary crimes.[2] We reject this view.

---

[2] The term Catch-22, coined by Joseph Heller in the novel of the same name, refers to a contradictory impasse in which an event cannot occur until a prerequisite condition has taken place; that prerequisite condition, however, cannot occur until the event itself has happened.

Once the juvenile court certified the first-degree murder charge, it was expressly divested of jurisdiction over any ancillary charges. Appellant does not dispute that the conspiracy charge here is "ancillary" to the murder charge. Code § 16.1-269.1(D)'s use of the words "all" and "any" manifests the General Assembly's clear intent to divest the juvenile court of pending as well as *future* ancillary charges once the juvenile court certifies the murder charge to the grand jury. See Sussex Cmty. Servs. Ass'n v. Va. Soc'y for Mentally Retarded Children, Inc., 251 Va. 240, 243, 467 S.E.2d 468, 469 (1996) ("The word 'any,' like other unrestrictive modifiers such as 'an' and 'all,' is generally considered to apply without limitation."). By divesting the juvenile court of jurisdiction upon certification of a first-degree murder charge, the General Assembly did not intend to foreclose the Commonwealth from going forward with ancillary charges and thereby create a jurisdictional vacuum. Instead, the Code confers jurisdiction on the circuit court to proceed on the murder charge and *all* ancillary charges. See Code § 16.1-272(A). Hearing these ancillary charges in circuit court is consistent with the General Assembly's policy judgment that such a juvenile should be tried as an adult in circuit court. In other words, the juvenile court is divested of jurisdiction not only for the preliminary hearing but also for the filing of subsequent charges. In filing these ancillary charges, therefore, the Commonwealth could proceed with direct indictments and trial in the circuit court. Burns v. Commonwealth, 261 Va. 307, 319-20, 541 S.E.2d 872, 881 (2001).

Lampkins v. Commonwealth, 44 Va. App. 709, 607 S.E.2d 722 (2005), cited by appellant, does not shed any light on the issue presently before the Court. The Court in that case was called upon to examine "the rights of the losing party in [a] transfer proceeding[]." Id. at 715-16, 607 S.E.2d at 725. The Court in that case simply did not address the question before us, namely, whether an ancillary charge can be brought by direct indictment after the juvenile court has certified a murder charge and thereby been divested of jurisdiction. We find that it can.

## CONCLUSION

The judgment of the circuit court is affirmed.

<u>Affirmed.</u>