COURT OF APPEALS OF VIRGINIA

Present:  Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia

PUBLISHED

ROBERT LEE JONES

                                                        OPINION BY
v.        Record No. 0574-16-2          JUDGE MARLA GRAFF DECKER
                                                        DECEMBER 19, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

Charles P. Phelps for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Robert Lee Jones appeals his conviction for maliciously shooting at an occupied vehicle

in violation of Code § 18.2-154.  He argues that the Commonwealth failed to prove that he shot

"at" an automobile within the meaning of the statute because he was inside that vehicle at the

time of the act.  For the reasons that follow, the conviction is affirmed.

I.  BACKGROUND

On December 30, 2014, Jabari Lee was fatally shot while sitting in his sport utility

vehicle.  At the appellant's trial, Antoine Myler testified that he witnessed the appellant shoot

Lee.  According to Myler, he, the appellant, and Lee were in Lee's vehicle at the time.

Investigators recovered bullets from the vehicle's driver's door window frame and the top center

console.

The appellant made a motion to strike the charge of shooting at an occupied vehicle.  He

argued that the Commonwealth failed to prove that he was outside of the vehicle and that

shooting from within the vehicle was not a violation of Code § 18.2-154.

The trial court denied the motion. In doing so, it relied on King v. Commonwealth, 40 Va. App. 193, 578 S.E.2d 803 (2003), reasoning that the statute focused on where the shots were directed, not where the shooter was located when he fired the weapon.

The jury convicted the appellant of maliciously shooting at an occupied vehicle, second-degree murder, using a firearm in the commission of a felony, and shooting into a public place, in violation of Code §§ 18.2-32, -53.1, -154, and -280. In accordance with the jury's recommendations, the trial court sentenced the appellant to a total of twenty-six years in prison.

## II. ANALYSIS

The appellant argues that the evidence did not support his conviction of maliciously shooting at an occupied vehicle because his occupancy of the vehicle that he "was alleged to have fired into precluded" his conviction under Code § 18.2-154.[1]

On appeal, this Court reviews a challenge to the sufficiency of the evidence to support a conviction under well-established legal principles. An appellate court considers the evidence in the light most favorable to the Commonwealth granting to it all reasonable inferences that flow from the evidence. Stephens v. Commonwealth, 263 Va. 58, 59-60, 557 S.E.2d 227, 228 (2002). However, the facts are not in dispute, and the assignment of error hinges on whether Code § 18.2-154 applies to the appellant's actions.

The interpretation of a statute is a question of law that we review de novo. Graves v. Commonwealth, __ Va. __, __, 805 S.E.2d 226, 227 (2017). "This same de novo standard of review applies to determining the proper definition of a particular word in a statute." Miller v. Commonwealth, 64 Va. App. 527, 537, 769 S.E.2d 706, 711 (2015).

---

[1] He does not otherwise challenge the sufficiency of the evidence, and his other convictions are not before us.

- 2 -

When a "statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind [it]." Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)). Further, we "'presume[] that the legislature chose, with care, the words it use[d]' when it enact[ed] a statute." Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (quoting Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)).

Code § 18.2-154, in pertinent part, provides that "[a]ny person who maliciously shoots at, or maliciously throws any missile at or against, . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril, is guilty of a Class 4 felony."[2] The question to resolve in this appeal is whether the statute encompasses a person shooting *at* a vehicle when the shooter is *inside* the vehicle.

The particular language in Code § 18.2-154 at issue in this case has not previously been interpreted on appeal. "[W]e are guided by a basic tenet of statutory construction that closely related statutes must be read as being consistent with one another." Rivas v. Commonwealth, 51 Va. App. 507, 511, 659 S.E.2d 524, 526 (2008) (quoting Austin v. Commonwealth, 42 Va. App. 33, 40, 590 S.E.2d 68, 72 (2003)). With this principle in mind, we turn to a previous interpretation of Code § 18.2-279, which prohibits "shoot[ing] at" an occupied building in certain circumstances. The pertinent language of Code § 18.2-279 prohibits a person from unlawfully

> discharg[ing] a firearm within any building when occupied by one
> or more persons in such a manner as to endanger the life or lives of
> such person or persons[] . . . or . . . *shoot[ing] at*, or . . . throw[ing]
> any missile at or against[,] any . . . building when occupied by one

---

[2] The statute also delineates that such a shooting that results in the death of the vehicle's occupant constitutes second-degree murder. Code § 18.2-154; see also Willis v. Commonwealth, 10 Va. App. 430, 433, 393 S.E.2d 405, 406 (1990).

- 3 -

or more persons, whereby the life or lives of any such person or
persons may be put in peril.

(Emphasis added). Code §§ 18.2-154 and -279 are counterparts, as demonstrated by the

legislative history of the two statutes.[3] See generally Graves, __ Va. at __, 805 S.E.2d at 229

(noting that an examination of the legislative history of the statute in question can help "resolve

the conundrum of legislative intent").

This Court has previously considered the same argument presented on appeal in this case

in the context of Code § 18.2-279. In King, the Court concluded that the shooter's location is

irrelevant to the application of the language in Code § 18.2-279 prohibiting "shoot[ing] . . . at or

against" a building. King, 40 Va. App. at 199, 578 S.E.2d at 806 ("Code § 18.2-279 does not

specify where the shooter must be located in relation to the occupied dwelling, and we can

discern no legislative directive implicating such a limitation."). The Court held that the statute's

language referencing shooting "at" an occupied building "concerns the destination of the shot . . .

and does not specify the locale of the shooter." Id. As is true with Code § 18.2-279, had the

General Assembly intended to limit Code § 18.2-154 to shooters in certain locations rather than

simply the destination of the shot, it could have used express language to do so. See, e.g., Ratliff

v. Commonwealth, 53 Va. App. 443, 447, 672 S.E.2d 913, 915 (2009) (holding that "if the

---

[3] In 1950, a single statute simply proscribed shooting "at" vehicles and buildings. Code § 18-210 (1950). In 1960, the previous statute was repealed and Code § 18.1-152 was enacted. 1960 Va. Acts ch. 358. It still forbade shooting "at" motor vehicles and occupied buildings. Code § 18.1-152 (Repl. Vol. 1960). However, a second statute enacted at the time prohibited discharging firearms "within" occupied buildings. 1960 Va. Acts ch. 358 (codified at Code § 18.1-66 (Repl. Vol. 1960)). In 1975, during an additional repeal and reenactment, the statutory language forbidding shooting "at" an occupied building was moved from the code section that referenced shooting at a motor vehicle to the statute prohibiting shooting "within" occupied buildings. See 1975 Va. Acts chs. 14, 15 (codified at Code §§ 18.2-154, -279 (Repl. Vol. 1975)); see also H.D. Doc. No. 10, at 90, Va. Code Comm'n (Reg. Sess. 1974) (providing that the "[s]ource" of Code § 18.2-279 was the former Code §§ 18.1-66 and -152).

legislature had intended to embrace the definition" supported by the defendant, it would have included express language doing so).

The interpretation of Code § 18.2-279 applied in King is binding on this Court with regard to the use of the word "at" in Code § 18.2-154 in the context of "shoots at" or "shoot[ing] at." See generally Ricks v. Commonwealth, 290 Va. 470, 477 n.1, 778 S.E.2d 332, 335 n.1 (2015) ("It is a common canon of statutory construction that when the legislature uses the same term in separate statutes, that term has the same meaning in each unless the General Assembly indicates to the contrary." (quoting Commonwealth v. Jackson, 276 Va. 184, 194, 661 S.E.2d 810, 815 (2008))); Hannon v. Commonwealth, 68 Va. App. 87, 97, 803 S.E.2d 355, 360 (2017) (discussing the interpanel accord doctrine). "When a Virginia statute 'employs a word or phrase which has already been used . . . in another statute, and has there acquired by construction an established meaning, it is to be understood in the meaning previously determined.'" Bagley v. Richmond Dep't of Soc. Servs., 59 Va. App. 522, 525, 721 S.E.2d 21, 23 (2012) (quoting Houston v. Commonwealth, 87 Va. 257, 262, 12 S.E. 385, 386 (1890)). Additionally, in light of the legislative history indicating that the "shoots at" language in the two statutes originated from a single statute, "we are guided by" the "tenet of statutory construction that closely related statutes must be read as being consistent with one another."[4] See Rivas, 51 Va. App. at 511, 659 S.E.2d at 526 (quoting Austin, 42 Va. App. at 40, 590 S.E.2d at 72).

---

[4] This interpretation is further supported by the fact that the legislature amended Code § 18.2-279 post-King in 2005 without changing the specific language that was at issue in that case. See 2005 Va. Acts ch. 143; Cocke v. Commonwealth, 68 Va. App. 11, 16 n.2, 801 S.E.2d 427, 430 n.2 (2017) ("When the General Assembly acts in an area in which one of its appellate courts has already spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly." (quoting Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001))); see also Barson v. Commonwealth, 284 Va. 67, 74, 726 S.E.2d 292, 296 (2012) (holding that the General Assembly is presumed to be aware of appellate decisions and "[i]ts acquiescence is deemed to be approval").

Consequently, we construe the preposition "at," following the word "shoots," in Code § 18.2-154 to carry the same meaning as this Court previously applied to the word "at," following "shoots," in interpreting Code § 18.2-279 in King. We hold that the prohibition in Code § 18.2-154 against shooting "at" a motor vehicle focuses on the direction of the shot, not the location of the shooter. The undisputed evidence establishes that the appellant shot "at" a motor vehicle as proscribed by Code § 18.2-154, and we do not consider the appellant's location when he fired the shot because it is not an element of the offense.

The appellant attempts to distinguish Code § 18.2-279 and King based on the inclusion elsewhere in Code § 18.2-279 of the language prohibiting shooting "within any building." The Court in King, however, specifically discussed the language relevant to this case ("i.e., 'at the building'") because that was the language used in the indictment, and it concluded that the phrase did "not specify the locale of the shooter." King, 40 Va. App. at 199, 578 S.E.2d at 806. Because King involved the interpretation of the same phrase--"shoots at"--that is at issue in this case, we conclude that King applies here.

The appellant also proposes that the plain meaning of "at" as a directional preposition suggests that "shoot[ing] at" as used in Code § 18.2-154 means a shooter who is not located within the vehicle itself. See At, Webster's Third New International Dictionary (2002) (defining "at" as "a function word to indicate that which is the goal of an action or that toward which an action or motion is directed"). He additionally suggests that the fact that, in contrast to Code § 18.2-279, Code § 18.2-154 does not contain the word "within" signifies that "at" does not also mean "within." See generally Williams v. Matthews, 248 Va. 277, 284, 448 S.E.2d 625, 629 (1994) ("When a statute contains a given provision with reference to one subject, the omission of such provision from a similar statute dealing with a related subject is significant to show the

existence of a different legislative intent."). However, the holding in <u>King</u> forecloses these arguments. <u>See</u> <u>King</u>, 40 Va. App. at 199, 578 S.E.2d at 806.

Finally, the appellant contends that interpreting Code § 18.2-154 to encompass the discharge of a firearm from within a vehicle would render Code § 18.2-286.1 "duplicative and superfluous." Code § 18.2-286.1 provides that "[a]ny person who, while in or on a motor vehicle, intentionally discharges a firearm so as to create the risk of injury or death to another person or thereby cause another person to have a reasonable apprehension of injury or death" commits a Class 5 felony. The appellant believes that the use in Code § 18.2-286.1 of the phrase "in . . . a motor vehicle" signifies, by contrast, the legislature's intention that Code § 18.2-154 encompass only a shooter who is outside the vehicle that is shot. Contrary to the appellant's assertion, the two statutes are not duplicative. Code § 18.2-154 focuses on the direction of the shot, while Code § 18.2-286.1 focuses on the location of the shooter. Further, the violation of Code § 18.2-154 at issue requires malice, while Code § 18.2-286.1 does not. As a result, our construction of Code § 18.2-154 comports with the general principle that we are not to interpret a statute in such a way as to render other statutory language "superfluous." <u>See generally</u> <u>Farhoumand v. Commonwealth</u>, 288 Va. 338, 344, 764 S.E.2d 95, 98-99 (2014) (holding that this Court erred by interpreting a statute in such a way as to "render[]" another statute "superfluous").

For these reasons, we hold that the prohibition of Code § 18.2-154 against shooting at a vehicle encompasses such a shooting when the shooter is also inside the vehicle when he or she shoots at it. Consequently, the evidence was sufficient to support the conviction of shooting at an occupied vehicle, and the trial court did not err by denying the appellant's motion to strike.

## III.  CONCLUSION

Code § 18.2-154 encompasses a person's act of shooting at an occupied vehicle without regard for the shooter's location.  The evidence supports the finding that the appellant shot at the vehicle while he was inside the vehicle within the meaning of the statute.  Consequently, we affirm the conviction for shooting at an occupied vehicle.

<u>Affirmed.</u>