PRESENT:  All the Justices

ROBERT LEE JONES

v.  Record No. 180052

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
December 6, 2018

FROM THE COURT OF APPEALS OF VIRGINIA

Robert Lee Jones challenges his conviction for shooting at an occupied vehicle under

Code § 18.2-154.  He argues that, to secure a conviction under this statute, the prosecution must

prove that the shooter was positioned outside of the occupied vehicle.  Because in the incident

giving rise to the present charges, Jones was located inside the vehicle at the time he fired

multiple shots, he urges us to vacate his conviction.  We conclude that the plain language of the

statute does not require the prosecution to prove that the shooter was located outside of the

vehicle when he fired shots at an occupied vehicle.  Consequently, we affirm the judgment of the

Court of Appeals upholding this conviction.

BACKGROUND

Jones, accompanied by Antoine Myler, sought to purchase some pills, evidently pain

medications, from Jabari Lee.  Jones and Myler climbed into Lee's vehicle.  While inside the

vehicle, Jones shot Lee.  Lee was struck several times and died of his gunshot wounds.  Police

recovered bullets from the window frame of one of the doors and from the top center console of

the vehicle.

Jones was charged with, among other things, maliciously shooting at an occupied vehicle

in violation of Code § 18.2-154.  Counsel moved to strike the charge of shooting at an occupied

vehicle.  The trial court denied that motion.  In a published opinion, the Court of Appeals

affirmed appellant's conviction for shooting at an occupied vehicle, *Jones v. Commonwealth*, 68 Va. App. 304 (2017), and this appeal followed.

ANALYSIS

Code § 18.2-154 provides in relevant part that "[a]ny person who maliciously shoots at . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril, is guilty of a Class 4 felony." "Statutory interpretation presents a pure question of law and is accordingly subject to de novo review by this Court." *Washington v. Commonwealth*, 272 Va. 449, 455 (2006).

Jones argues that this statute essentially criminalizes the act of "shooting *into* an occupied vehicle" and that "one cannot violate this statute unless he is aiming in the direction of the car *while standing outside of said car*." Appellant's Br. at 6 (emphasis in original). He also points to the existence of Code § 18.2-286.1, which makes it a felony to discharge a weapon while seated in a vehicle. In his view, allowing a conviction for shooting at an occupied vehicle when the shooter is located inside the vehicle would render Code § 18.2-286.1 superfluous.

"We must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice." *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016). "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." *Alston v. Commonwealth*, 274 Va. 759, 769 (2007). The word "at" is straightforward enough as it is used in this statute. In this context, "at" is "used as a function word to indicate that which is the goal of an action or that toward which an action or motion is directed <aimed the arrow ~ the target>." Webster's Third New International Dictionary 136 (1993). "Nothing in the language of this statute is inherently difficult to comprehend, of doubtful import, or lacking in clarity and

2

definiteness. Accordingly, it is not necessary to look beyond the plain language of the statute to ascertain its underlying legislative intent." *Harrison & Bates, Inc. v. Featherstone Assocs. Ltd. P'ship*, 253 Va. 364, 369 (1997).

The statute contains no requirement that the shooter be located outside of the vehicle. When a shooter who is inside the vehicle discharges his weapon so as to strike the occupied vehicle, he is, within the literal language of the statute, shooting at an occupied vehicle. The General Assembly could have prohibited, for example, shooting "into" an occupied vehicle. It did not. "This Court may not construe the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Commonwealth v. Amos*, 287 Va. 301, 307 (2014) (quoting *Vaughn, Inc. v. Beck*, 262 Va. 673, 679 (2001)). The location of the shooter is not an element of the offense under this statute. Whether the shooter is outside or inside the car, the discharge of a firearm at an occupied vehicle presents a significant danger of grave harm or death to the occupants of the vehicle. Bullets can unpredictably ricochet off one of the vehicle's surfaces and strike an occupant. Accordingly, we reject the argument that a shooter must be positioned outside of the vehicle to be convicted of shooting "at" an occupied vehicle under Code § 18.2-154.[*]

Jones argues that such a construction of Code § 18.2-154 would render a different statute, Code § 18.2-286.1, "duplicative and superfluous." We disagree.

Code § 18.2-286.1 provides that "[a]ny person who, while in or on a motor vehicle, intentionally discharges a firearm so as to create the risk of injury or death to another person or

---

[*] This case does not call upon us to decide what intent the prosecution must establish to secure a conviction for shooting at an occupied vehicle, i.e., whether the perpetrator must intend to shoot at the occupied vehicle or whether it is sufficient that the perpetrator maliciously fired the gun and the shots happened to strike an occupied vehicle.

thereby cause another person to have a reasonable apprehension of injury or death shall be guilty of a Class 5 felony."

First, the existence of a similar but not identical statute does not alter our obligation to construe the applicable statute according to its plain language. Second, although there is some overlap between the conduct prohibited by the two statutes, they are textually and conceptually different. Textually, the lives endangered under Code § 18.2-154 must be those in the motor vehicle. Code § 18.2-286.1 does not contain this restriction, although, practically speaking, most of the lives endangered will be those located outside of the vehicle. Furthermore, Code § 18.2-154 requires malice. Code § 18.2-286.1 does not contain this requirement. In addition, the punishment for the two offenses is different. From a conceptual standpoint, as the Court of Appeals aptly noted, "Code § 18.2-154 focuses on the direction of the shot, while Code § 18.2-286.1 focuses on the location of the shooter." *Jones*, 68 Va. App. at 312. More broadly, "the fact that separate statutes may overlap in their proscription of specific conduct does not detract from their independent enforcement except when double jeopardy concerns are implicated." *McDonald v. Commonwealth*, 274 Va. 249, 259 (2007).

The plain language of Code § 18.2-154 contains no requirement that the shooter who maliciously shoots at an occupied vehicle must be positioned outside of the vehicle. Therefore, we affirm Jones's conviction.

## CONCLUSION

We will affirm the judgment of the Court of Appeals upholding the conviction under Code § 18.2-154.

*Affirmed.*

4