COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Malveaux and Athey
Argued by teleconference

UNPUBLISHED

MARVIN SEAY JONES

v.        Record No. 1151-19-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
JUNE 2, 2020

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

John M. Spencer (Spencer, Meyer & Koch, PLC, on brief), for
appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General; Brittany A. Dunn-Pirio, Assistant Attorney
General, on brief), for appellee.

Marvin Seay Jones appeals his conviction for indecent custodial liberties with a child, in

violation of Code § 18.2-370.1 and contributing to the delinquency of a minor, in violation of Code

§ 18.2-371.  On appeal, Jones argues that the trial court erred in amending the indictment for carnal

knowledge to allege indecent custodial liberties with a child.  He also argues that the trial court

erred in denying his motion to strike the evidence.  For the following reasons, we disagree and

affirm.

I.  BACKGROUND

Because this is an unpublished opinion that carries no precedential value and the parties

are fully conversant with the record, we recite only the facts relevant to our analysis.  Marvin

Seay Jones was indicted for carnal knowledge of a child thirteen years of age or older but

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

younger than fifteen years of age, in violation of Code § 18.2-63. At the conclusion of the Commonwealth's evidence, Jones made a motion to strike the evidence; the Commonwealth then moved to amend the indictment to unlawfully and feloniously taking custodial indecent liberties with a minor, a violation of Code § 18.2-370.1. The indictment alleged that the offense occurred on or between February 20, 2017, and May 31, 2018. The trial court, over Jones's objection, granted the Commonwealth's motion and amended the indictment.

The evidence, reviewed in a light most favorable to the Commonwealth, established that for over eight years, Jones had been dating and living with the victim's aunt. The victim, R.L., testified that he thought of Jones "as an uncle." Jones would spend a lot of time with R.L.'s family, including R.L. Jones and R.L. would spend time together playing video games or sports. R.L. would also spend the night at Jones's home and vice versa. R.L. testified that Jones bought R.L. things, including video games, a ring, a cell phone, and a basketball net. R.L. testified that when he was "[a]round thirteen or fourteen," while they were either sleeping on the same air mattress or on a bottom bunk together, Jones touched R.L.'s penis with his hand and mouth. R.L. could not remember if it happened the first time at his house or at Jones's house. R.L. explained that Jones touched his penis over his clothing while R.L. pretended to sleep. Then Jones put R.L.'s penis inside of Jones's mouth. R.L. explained that at least two of the sexual assaults occurred before he turned fifteen years old. R.L. testified that Jones began abusing him one and a half years before trial. R.L.'s aunt (and Jones's girlfriend) passed away August 21, 2017. R.L. testified that the first time Jones abused him was before his aunt passed away. The next time it occurred was after R.L.'s aunt passed away. R.L. was abused more than one time at his house and more than one time at Jones's house. Sometimes R.L. would wake up with his pants unbuttoned.

II.  ANALYSIS

On appeal, Jones first argues that the trial court erred in amending the indictment of carnal

knowledge to custodial indecent liberties.  Second, he argues that the trial court erred in denying his

motions to strike the evidence.  For the following reasons, we disagree and affirm.[1]

A.  Amendment to the Indictment

Jones argues that the trial court erred in permitting the Commonwealth to amend the

indictment of carnal knowledge to custodial indecent liberties.  Specifically, Jones argues that

according to Blockburger v. United States, 284 U.S. 29 (1932), indecent liberties is not a

lesser-included offense to carnal knowledge and, therefore, the amendment should not have been

allowed.  We disagree; the resolution of this case is governed by statute, not Blockburger.[2]

Code § 19.2-231 governs the amendment of indictments, and provides in part:

> If there be any defect in form in any indictment, presentment or
> information, or if there shall appear to be any variance between the
> allegations therein and the evidence offered in proof thereof, the
> court may permit amendment of such indictment, presentment or
> information, at any time before the jury returns a verdict or the
> court finds the accused guilty or not guilty, *provided the*

---

[1] Although not listed as one of his assignments of error, Jones also argues in the body of his brief and at oral argument that the trial court should have arraigned him on the amended charge as required by Code § 19.2-231.  Jones, however, made no objection to the lack of an arraignment on the amended indictment at trial as required by Rule 5A:18.  "The purpose of [Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials."  Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015); see also Simmons v. Commonwealth, 54 Va. App. 594, 606 (2009) (affirming conviction despite trial court's failure to arraign the appellant on a charge because failure to arraign "could only have rendered the resulting judgment voidable if it had been subject to a proper and timely objection").  Because Jones failed to object at trial and thus afford the trial court an opportunity to address the issue, we will consider the argument waived and will not address its merits.

[2] Because the statutory analysis is the best and narrowest grounds to dispose of this appeal, we decline to consider whether custodial indecent liberties is a lesser-included offense of carnal knowledge.  See Commonwealth v. White, 293 Va. 411, 419 (2017) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."' (alteration omitted) (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015) (per curiam))).

- 3 -

> *amendment does not change the nature or character of the offense charged.*

(Emphasis added).

"In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Rollins v. Commonwealth, 37 Va. App. 73, 79 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193 (1998)). "The purpose of an indictment 'is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'" Walshaw v. Commonwealth, 44 Va. App. 103, 109 (2004) (quoting King v. Commonwealth, 40 Va. App. 193, 198 (2003)). Code § 19.2-231 "is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." Powell v. Commonwealth, 261 Va. 512, 533 (2001); see also Sullivan v. Commonwealth, 157 Va. 867, 877 (1931) ("The manifest purpose of this statute is to allow amendments which avoid unnecessary delays and further the ends of justice, without prejudice to the substantial right of the accused to be informed of the accusation, and to one fair trial on the merits."). "Moreover, where there is 'similarity of purpose and subject matter' of the Code sections involved, 'an amendment to an indictment [that merely] changes the Code provision under which a defendant is charged . . . does not change the nature or character of the offense charged and is permissible under the provisions of [Code] § 19.2-231.'" Dunaway v. Commonwealth, 52 Va. App. 281, 297 (2008) (alterations in original) (quoting Edwards v. Commonwealth, 218 Va. 994, 1003 (1978)).

Code § 18.2-63, the carnal knowledge statute, provides in pertinent part, "If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony."

The taking indecent liberties statute, Code § 18.2-370.1, states,

> Any person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally . . . (vi) sexually abuses the child as defined in subdivision 6 of § 18.2-67.10 is guilty of a Class 6 felony.

The custodial indecent liberties statute has a similarity of purpose and subject matter as the carnal knowledge statute. Both indictments charged Jones with sexually abusing a minor victim. Under the facts of this case, the evidence necessary to prove criminal conduct under both statutes was identical. The evidence revealed that, on more than one occasion, Jones put the victim's penis in his mouth while the victim was attempting to sleep. The victim was under the age of eighteen—"thirteen or fourteen." Jones "loved [the victim] like family," spending time with him and buying him gifts. Jones dated R.L.'s aunt for eight years and continued to spend time with R.L.'s family even after R.L.'s aunt died. Accordingly, the amendment did not change the nature or character of the offense charged.

As we noted in Pulliam v. Commonwealth, 55 Va. App. 710, 717 (2010) (emphasis added), in an amendment to the indictment case, "[w]e do not compare the elements of the offense, but the underlying *conduct* of appellant." Cf. Blockburger v. United States, 284 U.S. 29 (1932). Thus, Jones's argument that the amendment should not have been permitted because the elements of the two offenses are not identical fails. Additionally, Jones argues that the amendment was prohibited because it required the Commonwealth to prove "lascivious intent, to knowingly and intentionally sexually abuse the victim," while no particular intent is required for

custodial indecent liberties. As we noted in <u>Pulliam</u>, however, a variation in the required intent to be proven does not change the general nature or character of the offense. <u>Pulliam</u>, 55 Va. App. at 717-18; <u>see also</u> <u>Dunaway v. Commonwealth</u>, 52 Va. App. 281, 292 (2008) (holding that nature and character of offense not changed where amendment changed cocaine possession amount from "2.5 kilograms but less than 5 kilograms" to "at least 5 kilograms"). Accordingly, "[b]ecause the underlying conduct of both charges was essentially the same, and the purpose and subject matter of each charge were similar, we find the trial court did not err in allowing the amendment." <u>Pulliam</u>, 55 Va. App. at 718.

## B. Sufficiency of the Evidence

Next, Jones argues that the evidence was insufficient to support denying his motion to strike. Specifically, Jones argues that the victim's testimony was inherently incredible because he changed his version of the events multiple times. We disagree.

When an appellant challenges the sufficiency of the evidence supporting a conviction, "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. When reviewing the sufficiency of the evidence, this Court "must . . . ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>Cheung v. Commonwealth</u>, 63 Va. App. 1, 8 (2014) (quoting <u>Crowder v. Commonwealth</u>, 41 Va. App. 658, 663 (2003)). "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might reach a different conclusion." <u>Id.</u> (quoting <u>Conrad v. Commonwealth</u>, 31 Va. App. 113, 123 (1999) (*en banc*)). "This deferential standard of review 'applies not only to the historical facts themselves, but [also to] the inferences from those facts.'" <u>Bennett v. Commonwealth</u>, 69 Va. App. 475, 492 (2018) (alteration in original) (quoting <u>Crowder</u>, 41 Va. App. at 663 n.2).

Furthermore, "it is the province of the jury, rather than an appellate court, to weigh the facts and to judge the credibility of the . . . witnesses." Commonwealth v. Presley, 256 Va. 465, 470 (1998). This is because the factfinder "has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138 (1995). Thus, the appellate court will accept the determination of the credibility of trial testimony "unless, 'as a matter of law, the testimony is inherently incredible.'" Nobrega v. Commonwealth, 271 Va. 508, 518 (2006) (quoting Walker v. Commonwealth, 258 Va. 54, 70-71 (1999)). For testimony to be inherently incredible, as a matter of law, "it must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." Cardwell v. Commonwealth, 209 Va. 412, 414 (1968) (citation omitted). In other words, it must be "so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299 (1984).

R.L. testified that Jones molested him several times when they slept in the same bed. He explained that Jones sexually abused him by using his hand and his mouth to touch R.L.'s penis. By convicting Jones, the jury determined that R.L. was credible and that Jones's testimony in his defense was not. Nothing in R.L.'s testimony renders it "so contrary to human experience as to render it unworthy of belief." Id. Therefore, we affirm Jones's convictions because R.L. was not inherently incredible.

### III. CONCLUSION

For the foregoing reasons, the convictions are affirmed.

Affirmed.